The father and mother of a child were divorced in 1981. By agreement custody of the four-year-old child was given to the mother. Reasonable visitation rights were granted to the father. The mother remarried *Page 790 
and moved from Montgomery to Huntsville. Thereafter, difficulty arose between the parents as to visitation.
It would serve no useful purpose to detail here the numerous petitions and counterpetitions filed by the parties charging violations of the divorce decree. They were numerous enough to be termed "excessive." It is sufficient to say that the trial judge heard extensive testimony relating to the problems of visitation, child support and the petition of the father for change of custody from the mother to himself.
By judgment entered June 15, 1983, the court found no change of circumstances since the divorce meriting a change of custody of the child from the mother to the father. The father moved for a new trial, alleging abuse of discretion. There have subsequently been additional filings and orders relating to enforcement.
The father has appealed charging an abuse of discretion by the court in refusing to grant custody of the child to him and failing to rule on the "question" of visitation.
First we note that appellant has failed to cite any authority in support of the issues he has presented. Such failure is contrary to Rule 28, A.R.A.P. Perhaps such failure is due to the commonness of the principle involved. That principle is that the matter of custody of children and right of visitation in a case of divorce, or modification thereof, is for the discretion of the trial judge. 8 Ala. Digest, Divorce, Key No. 296. That principle is amplified with the provision that the exercise of such discretion by the court, after oral hearing, is presumed to be correct and will be set aside on appeal only upon a finding of palpable abuse and unjustness. Thomas v.Davis, 410 So.2d 889 (Ala. 1982).
Our review of the evidence and the judgment of the trial court discloses no basis for reversal.
Appellee's request for attorney's fees on appeal is granted in the amount of $300.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.