WRIGHT, Presiding Judge.
This appeal is from the modification of a child custody decree.
After remarriage the parties were again divorced in February 1983. Custody of a minor child from their previous marriage was placed with the mother, with fairly substantial visitation rights granted to the father.
In August 1983, the father learned that the mother had moved to the state of Georgia. Although the child remained in Alabama, the father became concerned that the mother was also going to remove him to Georgia. He petitioned the trial court for a temporary restraining order prohibiting the mother from removing the child from the court’s jurisdiction and an order placing temporary custody of the child with the father, pending a hearing on modification of the custody decree. The order was granted.
A hearing was scheduled for September 9, 1983. The mother failed to appear. On September 12, 1983, she removed the child from school in Monroe County and took him with her to Georgia.
After being placed under bond for kidnapping in Georgia, the mother appeared at an evidentiary hearing held in Monroe County on September 21, 1983. At that hearing, the trial court found that the mother had knowledge of the temporary restraining order issued in August, but that in contempt of that order had removed the child to Georgia.
After taking testimony from the father and mother, and from several character witnesses for the father, the trial court left custody with the father, pending a full hearing on November 23, 1983. The mother failed to appear at the November hearing, as she had again removed the child to Georgia. At this point, the mother’s attorney withdrew, stating that the mother would not follow the legal advice given.
The trial court subsequently found that it had been necessary for the father to file petitions in the Superior Court of Wayne County, Georgia, to recover custody of the child,1’and entered an order returning custody to the father on January 4, 1984. The trial court, stating that it was necessary for the protection of the child, also entered an order on January 25, 1984, denying visitation rights to the mother. It is from the above orders that the mother appeals.
A parent entrusted with the custody of a child has the right, if not restricted by the court, to remove the child from the jurisdiction of the court granting custody. Cheatham v. Cheatham, 344 So.2d 525 (Ala.Civ.App.1977). Standing alone, an attempt by the parent granted custody to remove a child from the jurisdiction of the court may not be sufficient grounds to modify or change a child custody decree. Pons v. Phillips, 406 So.2d 932 (Ala.Civ.App.1981).
*707 However, in a proceeding to modify a child custody decree, each case rests on its own facts and circumstances, with the welfare and the best interest of the child always of paramount importance, and the party seeking modification has the burden of proof. Cheatham, supra.
In determining whether a temporary restraining order should be granted, the trial judge hearing the application is accorded wide discretion. Falk v. Falk, 355 So.2d 722 (Ala.Civ.App.1978). Furthermore, all matters pertaining to custody of children and rights of visitation in a case of divorce are for the discretion of the trial judge. Robbins v. Robbins, 447 So.2d 789 (Ala.Civ.App.1984). In the exercise of such discretion, the court, after oral hearing, is presumed to be correct and will be reversed on appeal only upon a finding of palpable abuse and neglect. Robbins, supra.
Conceding that denial of custody and visitation rights of a parent with her child is an unusual and extremely severe penalty, nevertheless, the mother in this instance went to extremes to defy the authority and order of the court. Such defiance and disrespect is not to be tolerated by the court. Recognizing that in spite of acts of the mother, the trial court will keep foremost in mind the best interest of the child, this court does not at this time find the court to have abused its discretion. It is to be noted that the right to custody and/or visitation of a parent with a child is subject to modification upon a change in circumstances which affect the best interest of the child.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.