2005-NMCA-065

113 P.3d 406

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Arthur GARCIA, Defendant–Appellant.**

**No. 24328.**

Court of Appeals of New Mexico.

April 18, 2005.

Patricia A Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, for Appellee.

Daniel A. Bryant, Daniel A. Bryant, P.A., Ruidoso, Mark Pickett, Pickett & Murphy, Las Cruces, for Appellant.

## OPINION

WECHSLER, J.

{1} Defendant Arthur Garcia appeals a special condition of his probation included in the district court's judgment and sentence in his criminal case. The condition prohibits Defendant from having direct or indirect contact with all children under the age of eighteen, including the victim of his crimes, absent a court order. Principally because of the district court's authority in sentencing and the relationship of the special condition to Defendant's conduct in this case, we affirm the district court's judgment and sentence.

*Background*

{2} Defendant pleaded guilty to eight counts of criminal sexual contact of a minor in the fourth degree. The charges stemmed from a series of incidents that occurred over the course of several months between Defendant and one of his daughters adopted from Russia. After the sentencing hearing, the district court sentenced Defendant to incarceration for three years followed by five years of supervised probation. It partially suspended the sentence and imposed nine conditions of probation. Special condition number eight states that "Defendant shall have no contact, direct or indirect, with children under the age of eighteen (18) or with the victim unless it is pursuant to a Court order." The terms of this provision effectively prohibit Defendant from having contact with his two biological daughters and two adopted daughters until they reach majority, without a court order.

{3} Defendant filed a motion for reconsideration of the sentence. He contended that: (1) he fully cooperated with the authorities in the investigation and prosecution of the case and with the various psychological professionals involved with treating his family; (2) the proposed resolution of the case included treatment, intervention, and reunification of Defendant's family "under stringent protective safeguards to insure that the children are safe and that their urgent psychological need for contact with [Defendant] would be addressed;" (3) he was "caught entirely by surprise" by letters that requested a harsh sentence, which were submitted to the district court prior to the sentencing hearing; (4) he was unable to produce testimony rebutting the assertions made at the sentencing hearing; and (5) condition number eight would "cause significant emotional damage to [Defendant's] other children and the [v]ictim." Finding that its sentence was proper, the district court denied Defendant's motion.

{4} Defendant then moved the district court to reconsider its order denying his motion for reconsideration or, in the alternative, to reconsider certain portions of the sentence imposed. Defendant asserted that special condition number eight should be amended to provide for supervised contact between Defendant and his children in accordance with the recommendations of thera-

pists who observed the children and concluded that special condition number eight was not in conformity with the children's best interests. The prosecutor consented to supervised visitation so long as certain conditions were met. The district court denied Defendant's motion. Defendant now appeals special condition number eight included in the district court's judgment and order partially suspending sentence.

*Issues Addressed in This Appeal*

{5} On appeal, Defendant contends that the district court did not have jurisdiction to impose special condition number eight prohibiting all contact with minors without a court order because that condition was a "de facto" termination of his parental rights to his four daughters. He argues that the children's court has sole jurisdiction over child custody, contact, and visitation issues, and the Children's Code provides the exclusive, exhaustive, and comprehensive procedure that a court must follow before it "de facto" terminates parental rights. Specifically, Defendant asserts that "when the [d]istrict [c]ourt terminated [his] parental rights by imposing probation condition number 8, it exceeded its jurisdiction, acted illegally, deprived [him] of all due process as proscribed by the Children's Code and violated his family's fundamental right of familial integrity." Defendant urges this Court to strike special condition number eight and remand this case to the district court with instructions to transfer the case to the children's court for proceedings in accordance with the Children's Code to address the subject matter of Defendant's contact with his children. Defendant further argues that special condition number eight enjoined him from having contact with his children without following the proper procedures of Rule 1–066 NMRA.

{6} Defendant states that these issues were preserved in the district court. However, the record does not reflect that Defendant raised the arguments concerning the jurisdiction of the children's court, the constitution, or the need for notice for injunctions before the district court. We generally do not consider issues on appeal that are not preserved below. Rule 12–216(A) NMRA;

*State v. Vandenberg*, 2003–NMSC–030, ¶ 52, 134 N.M. 566, 81 P.3d 19 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked.") (internal quotation marks and citation omitted). Constitutional issues must also be properly preserved. *See Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 2002–NMSC–021, ¶¶ 9–10, 132 N.M. 401, 49 P.3d 662. However, we will address an argument that a court lacked subject matter jurisdiction for the first time on appeal. *See Gonzales v. Surgidev Corp.*, 120 N.M. 133, 138, 899 P.2d 576, 581 (1995) (stating that subject matter jurisdiction, or the power to decide a particular type of case, may not be waived and "may be raised for the first time on appeal"); *see also In re Aaron L.*, 2000–NMCA–024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal the reviewing court will not consider issues not raised in the district court unless the issues involve matters of fundamental right or fundamental error). As a result, Defendant did not waive his argument concerning the children's court jurisdiction by failing to preserve it.

{7} To the extent that Defendant appears to argue that the district court lacked personal jurisdiction, this argument has no merit. Defendant submitted to the jurisdiction of the district court when he pleaded guilty to the charges. *See Stetz v. Skaggs Drug Ctrs., Inc.*, 114 N.M. 465, 470, 840 P.2d 612, 617 (Ct.App.1992) ("The defense of lack of personal jurisdiction is subject to waiver when not properly asserted."). Defendant also does not cite authority that states that Rule 1–066 is applicable in the criminal sentencing context. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the proposition). We therefore focus our review on Defendant's substantive arguments that the children's court had exclusive subject matter jurisdiction and that the district court acted improperly by imposing special condition number eight.

*Subject Matter Jurisdiction of the District Court and the Children's Court*

{8} The State initiated this case as a criminal case under the Criminal Code, NMSA 1978, § 30–9–13 (2001). Defendant admitted criminal sexual contact with his adopted daughter who was under the age of eighteen. Upon conviction of a crime under the Criminal Code, the court sentences a defendant in accordance with the Criminal Sentencing Act. NMSA 1978, § 31–18–13 (1993). When sentencing, a district court may, as did the district court in this case, suspend the sentence and order the defendant placed on probation for all or part of the period of the suspension, and when doing so, may require the defendant to satisfy "conditions reasonably related to his rehabilitation." *See* NMSA 1978, § 31–20–6(F) (1997) (stating conditions trial court is required and has discretion to attach to order deferring or suspending sentence); NMSA 1978, § 31–20–5(A) (1985) (allowing court to defer or suspend sentence and order probation for all or part of the period of deferment or suspension).

{9} The State did not bring this case as a termination of parental rights action under the Abuse and Neglect Act provisions of the Children's Code. *See* NMSA 1978, §§ 32A–4–1 to 32A–4–33 (1993, as amended through 2001). The Abuse and Neglect Act contains comprehensive procedures concerning the termination of parental rights when children have been abused or neglected. *Id.* It includes within its purview "sexual abuse" defined as including, but not limited to, "criminal sexual contact." Section 32A–4–2(G). The Children's Code provides that "a court other than the children's court division of the district court" shall transfer a criminal action to the children's court division of the district court if it appears that the "jurisdiction is properly within the children's court division." NMSA 1978, § 32A–1–5(C) (1993).

{10} Defendant contends that the district court should have transferred this case to the children's court because special condition number eight either was a termination of his parental rights or constituted a "de facto" termination of his parental rights subject to the comprehensive provisions of the Abuse and Neglect Act. Defendant's argument poses a standard of review that is both de novo and deferential to the discretion of the district court. We review questions concerning subject matter jurisdiction and issues of law de novo. *Tri–State Generation & Transmission Ass'n, Inc. v. King,* 2003–NMSC–029, ¶ 4, 134 N.M. 467, 78 P.3d 1226; *Ottino v. Ottino,* 2001–NMCA–012, ¶ 6, 130 N.M. 168, 21 P.3d 37. We apply an abuse of discretion standard to determine whether a district court properly imposed a condition of probation. *State v. Baca,* 2004–NMCA–049, ¶ 13, 135 N.M. 490, 90 P.3d 509.

{11} Although special condition number eight affects Defendant's relationship with his children, we do not agree with Defendant that it amounted to a "de facto" termination of parental rights, necessitating jurisdiction within the children's court. In the criminal context, conditions of probation are imposed as part of a criminal sentence. *See id.* ¶ 17. Conditions of probation are reasonably related to rehabilitation if they are "relevant to the offense for which probation was granted." *State v. Gardner,* 95 N.M. 171, 174, 619 P.2d 847, 850 (Ct.App. 1980). The court has broad discretion to effect rehabilitation and may impose conditions "designed to protect the public against the commission of other offenses during the term, and which have as their objective the deterrence of future misconduct." *State v. Donaldson,* 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct.App.1983) (citation omitted).

{12} To fashion its sentence, the district court had before it Defendant's psychological evaluation and other information, including letters from community members, family members, and a therapist. An international adoption agency submitted a letter expressing its shock and disappointment about Defendant's charges and the potential jeopardy to future international adoptions. Letters from community members, including a teacher and other families who have adopted children, expressed concern for Defendant's children and the treatment that they received under Defendant's care. Defendant's psychological evaluation, written by a licensed clinical psychologist, revealed, among other things, that Defendant's wife observed that

every few years Defendant " 'feels neglected' and develops a crush on someone." She stated that she had noticed a physical closeness between Defendant and the victim that "felt inappropriate." The evaluation also revealed that Defendant was sexually aroused when he touched his daughter's breasts and that although he knew what he was doing was wrong, he felt that he was unable to stop himself even after she told him not to touch her. The clinical psychologist concluded that these behaviors revealed poor judgment and inadequate impulse control.

{13} Therefore, despite the fact that therapists recommended supervised visitation and that others, such as Defendant, Defendant's wife, Defendant's father-in-law, and the prosecutor, asked that supervised visitation be allowed, the district court could determine that due to the serious nature of the crimes, it would not agree to such visitation and would prohibit all contact with minors, subject to modification by court order. The district court's prohibition of Defendant's contact with all minors, including his daughters, is reasonably related to achieving the sentencing goal of deterring Defendant from engaging in similar criminal conduct to that charged in this case. *See State v. Wacey C.*, 2004–NMCA–029, ¶ 11, 135 N.M. 186, 86 P.3d 611 (stating that the general considerations governing the appropriateness of probation conditions applicable in adult cases were consistent with this Court's holding in a juvenile case that a probation condition forbidding a child from going to certain locations where he committed offenses was not a banishment and was a reasonable probation condition); *State v. McCoy*, 116 N.M. 491, 500, 864 P.2d 307, 316 (Ct.App.1993) (holding that random drug testing as a condition of probation is reasonably related to deterring future criminal conduct), *rev'd on other grounds sub nom. State v. Hodge*, 118 N.M. 410, 882 P.2d 1 (1994). Case law from other jurisdictions addressing similar conditions of probation supports this conclusion. *See, e.g., Nitz v. State*, 745 P.2d 1379, 1381 (Alaska Ct.App. 1987) (holding that a defendant convicted of lewd and lascivious acts toward a child was properly subjected to a probation condition that prohibited contact with his daughter and other girls under eighteen); *Rodriguez v.*

*State*, 378 So.2d 7, 10 (Fla.Dist.Ct.App.1979) (holding that, after a guilty plea to aggravated child abuse, a special condition of probation that prohibited the defendant from having custody of her children was valid because the condition had a clear relationship to the crime); *State v. Credeur*, 328 So.2d 59, 64 (La.1976) (determining that a special probation condition that prevented contact with the defendant's children was reasonable when sexual abuse crime involved the defendant's children); *People v. McAllister*, 150 A.D.2d 913, 541 N.Y.S.2d 622, 622 (N.Y.App.Div. 1989) (upholding condition of probation preventing contact with stepdaughter and biological daughters when the defendant was convicted of sexual intercourse with his stepdaughter); *State v. Crocker*, 96 Or.App. 111, 771 P.2d 1026, 1027–28 (1989) (stating that when the defendant was convicted of raping his stepdaughter, a condition that prohibited his presence in a residence or vehicle with a child of either gender under eighteen years was valid); *see also State v. Kessler*, 199 Ariz. 83, 13 P.3d 1200, 1206 (Ariz.Ct.App. 2000) (holding that a reasonable relationship existed between a probation condition's requirement that the defendant not have unsupervised contact with children and the goals of rehabilitating him and protecting the public from any further criminal acts he might commit); *Ramaker v. State*, 73 Wis.2d 563, 243 N.W.2d 534, 536–37 (1976) (upholding a probation condition prohibiting association with minor children, not his own, when the defendant was convicted of child molestation).

*Conclusion*

{14} The Abuse and Neglect Act requires the children's court to "give primary consideration to the physical, mental and emotional welfare and needs of the child" in proceedings to terminate parental rights. Section 32A–4–28(A). The children's court must consider the "physical, mental and emotional welfare and needs of the child." NMSA 1978, § 32A–5–15(A) (1995). This focus on the child is different from the focus of sentencing in a criminal case. The prohibition of special condition number eight related to Defendant's crime of criminal sexual con-

tact with a minor. Given the purposes of special condition number eight of rehabilitation and deterrence, the district court had jurisdiction of this case and did not err by not transferring it to the children's court. *See State v. Ehli*, 681 N.W.2d 808, 810–11 (N.D.2004) (holding that a probation condition prohibiting the defendant from having contact with minor children under the age of eighteen, including his own, was proper and not a de facto termination of parental rights). We affirm the district court's imposition of the probation condition prohibiting Defendant from having contact with all children under eighteen unless modified by court order.

{15}   **IT IS SO ORDERED.**

ALARID and ROBINSON, JJ., concur.