This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 29,984**

**REINA VITE,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Gary King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jaqueline L. Cooper, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant was convicted of trafficking both methamphetamine and heroin by possession with intent to distribute, contrary to NMSA 1978, Section 30-31-20(A)(3) (2006); possession of cocaine, contrary to NMSA 1978, Section 30-31-23(D) (2005) (amended 2011); possession of marijuana, contrary to NMSA 1978, Section 30-31-23(B)(1); and possession of drug paraphernalia, contrary to Section 30-31-25.1(A) (2001). Defendant appeals her conviction on four grounds: (1) the district court improperly denied her motion to suppress; (2) the district court's evidentiary rulings prevented her from presenting a defense; (3) her trial counsel was ineffective; and (4) the evidence was insufficient to establish that she was the owner of drugs found in common areas of her apartment and that she intended to distribute the drugs found in her possession. We affirm the rulings of the district court.

**BACKGROUND**

On October 26, 2008, Defendant was stopped by police officers because the officers believed the passenger in her motor vehicle, Defendant's boyfriend (Boyfriend), was trespassing at the apartment complex from which Defendant was driving. During the motor vehicle stop, the officers determined that Defendant had an active warrant for her arrest. While Defendant was handcuffed and standing outside of her car, a bundle containing multiple individually wrapped packages of drugs fell from her pants. Shortly thereafter, while Defendant was sitting in the patrol

car, another similar bundle fell from her pants. These bundles contained methamphetamine and heroin. A subsequent consent was obtained to search Defendant's apartment and revealed cocaine, a digital scale, small baggies, firearms, and drug paraphernalia.

**DISCUSSION**

**I.      Defendant's Motion to Suppress**

At the close of the State's case, Defendant asserted that the traffic stop was pretextual and moved to suppress the evidence found as a result of the stop. In her argument to the district court, Defendant framed the issue as whether the evidence was sufficient to support a lawful police stop on the basis of trespassing or instead was an unlawful and "fabricated harassment of [Defendant's] passenger[.]" The district court denied the motion on the grounds that it was untimely and that the stop was not pretextual. Defendant appeals the district court's denial on the grounds that the officers lacked reasonable suspicion due to a mistake of law. Defendant also asserts that her counsel's failure to adequately and timely file the motion to suppress constituted ineffective assistance of counsel.

**A.      Preservation**

The State contends that Defendant's counsel only argued that the stop was "pretextual" and did not sufficiently alert the district court to Defendant's new

3

argument on appeal that there was no reasonable suspicion for the stop due to a mistake of law. We agree that Defendant's new argument was not adequately preserved for the record.

The rules of preservation are construed to ensure that the district court had the opportunity to rule on the issue and that there is an adequate record for appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked, but formal exceptions are not required[.]"); *State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (explaining that parties must object at trial in order to alert the district court of the perceived error, to allow the court to correct any error, and to provide an adequate record for appellate review), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, ¶ 36, ___ N.M. ___, ___ P.3d ___.

Under the circumstances in this case, the State and the district court were deprived of an opportunity to address the reasonableness of the stop. While the State did discuss whether Boyfriend was actually trespassing, the record reflects that this discussion was in response to Defendant's specific argument that the traffic stop was a pretext and initiated for the purpose of harassment. The State responded that the stop was not a pretext for harassment because "[t]here was an occupant who had been given a criminal trespass warning under authority of the manager of the apartment"

4

and the "officers had reason to stop the vehicle." Defendant did not further challenge the statement regarding the reason for stopping the vehicle. Defendant only claimed that the underlying criminal trespass issue was fabricated as a pretext to harass Defendant's passenger.

The State was not provided with an opportunity to address Defendant's new argument regarding the sufficiency of the factual basis that supported the officers' reason for stopping Defendant's vehicle. As a result, the district court's only ruling on the matter was based upon Defendant's argument that the stop was pretextual. Because the question of reasonable suspicion for the stop based on mistake of law was not preserved below and no ruling was requested from the district court on this issue, we will not address this matter any further. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon); *State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) ("The court had no opportunity to consider the merits of, or to rule intelligently on, the argument defendant now puts before us.").

**B.     Ineffective Assistance of Counsel**

Alternatively, Defendant argues that her counsel below was ineffective for

failing to timely and adequately raise a motion to suppress based upon reasonable suspicion for the stop arising from a mistake of law. "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384. Establishing a prima facie case of ineffective assistance of counsel requires a defendant to show that " (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). We do not find ineffective assistance of counsel if there is a plausible, rational trial strategy or tactic to explain counsel's conduct. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289; *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *Roybal*, 2002-NMSC-027, ¶ 19. Remand for an evidentiary hearing is the proper remedy only when defendant makes a prima facie case of ineffective assistance. *Id.*

Defendant asserts that counsel's performance fell below that of a reasonably

6

competent attorney because no reasonable trial strategy underlies the failure to timely file the motion to suppress. This argument mischaracterizes the record at trial. Defense counsel specifically explained its failure to timely file the motion to the district court. Counsel believed that the written trespass notice would be produced at trial and advanced the suppression argument only after he waited for the State to complete the presentation of its case and recognized that no written notice was introduced into evidence. As with other cases involving the tactical decisions of trial counsel in other contexts, we do not wish to guess at how defense counsel chose to deal with the available evidence to be presented regarding the trespass notice that was issued to the Boyfriend. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)); *State v. Hester*, 1999-NMSC-020, ¶ 11, 127 N.M. 218, 979 P.2d 729 (explaining that appellate courts do not second guess trial strategies); *State v. Sanchez,* 120 N.M. 247, 254, 901 P.2d 178, 185 (1995) (stating that within the context of an ineffective assistance of counsel claim, the appellate courts presume counsel is competent and will not second guess the tactics or strategy of defense counsel). Defense counsel even told the district court he was pleased that the State had chosen to present its evidence of the trespass notice to the Boyfriend through testimony rather than actual written documentation. He

argued that this decision by the State weakened the State's case because there was "such little support for [this trespass notice] on [the officers'] sworn testimony." A plausible, rational trial strategy supports defense counsel's decision not to file a motion to suppress until after the State chose to introduce its trespass notice evidence solely through officer testimony rather than written documentation. Therefore, we cannot conclude that defense counsel's decision was ineffective. The jury was required to rely upon the credibility of the officers' testimony because the State neglected to submit the actual written evidence supporting this testimony. Such a trial tactic would not be irrational or imprudent.

Defendant also asserts that "counsel failed to adequately raise [the suppression] issue." Defendant, however, has not explained what, other than timeliness, counsel should have done differently. On the contrary, Defendant has argued that counsel adequately raised and preserved Defendant's motion to suppress. We will not speculate as to why trial counsel did not raise the suppression issue differently. Consequently, we will not review a claim that has not been adequately developed on the record. *Roybal*, 2002-NMSC-027, ¶ 19 (stating that where facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition); *see Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review

8

unclear arguments, or guess at what [a party's] arguments might be.").

For these reasons, we hold that Defendant has not established a prima facie case of ineffective assistance of counsel. Defendant must pursue the issue, if at all, in a collateral habeas corpus proceeding. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel."); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus . . . .").

## II. Defendant's Right to Present a Defense

Defendant next argues that reversal is required because the district court refused to admit evidence that was required under her fundamental right to present a defense. Defendant argued a theory of the case based upon her claim that the drugs found on Defendant and the drugs found in her apartment belonged to Boyfriend. To support her theory, Defendant attempted to enter into evidence documentation to establish Boyfriend's arrest for possession of methamphetamine and heroin that occurred two months after Defendant's arrest. Boyfriend invoked, and the district court recognized,

9

his Fifth Amendment right against self incrimination regarding this subsequent arrest. The district court also refused to admit the criminal complaint and affidavit offered by Defendant after Boyfriend completed his testimony at trial (the Complaint and Affidavit). The Complaint and Affidavit dealt with Boyfriend's charges of methamphetamine and heroin possession that occurred two months after Defendant's arrest. We hold that the court did not err.

**A.      Standard of Review**

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "A district court abuses its discretion when it misapplies or misapprehends the law." *State v. Pacheco*, 2008-NMCA-131, ¶ 34, 145 N.M. 40, 193 P.3d 587. The majority of Defendant's arguments regarding this specific evidence were not preserved. We review inadequately preserved evidentiary errors for fundamental or plain error. *State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993). Plain error is established when it affects substantial rights. *Id.*

**B.      Boyfriend's Subsequent Arrest for Methamphetamine Possession**

Boyfriend invoked his Fifth Amendment right against self incrimination when questioned by Defendant about his unrelated arrest for drug possession that occurred

two months after Defendant's arrest. Initially, Defendant requested for the record that Boyfriend clearly invoke his Fifth Amendment right against self incrimination regarding this possession charge. The district court allowed Defendant to continue questioning Boyfriend in order to make her record on this issue. Boyfriend's testimony continued after he clearly indicated that he was invoking his Fifth Amendment right as to the question asked by Defendant. After Boyfriend's testimony was completed, Defendant then asked the district court to admit the Complaint and Affidavit into evidence as an exhibit.

On appeal, Defendant claims that, (1) the district court improperly prevented Boyfriend from testifying about his subsequent arrest based upon an invocation of his Fifth Amendment right against self incrimination; and (2) the district court erred in refusing to admit the Complaint and Affidavit into evidence. Defendant argued that this evidence was relevant and admissible because it tends to exculpate her. We conclude that Defendant did not preserve for review her argument regarding Boyfriend's Fifth Amendment right, and that the district court did not abuse its discretion in excluding the Complaint and Affidavit.

**1.      Fifth Amendment and Relevancy Issues**

The State initially attempted to preclude any inquiry into Boyfriend's subsequent arrest by objecting on the grounds of relevance. Relevant evidence

"means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 11-401 NMRA. The district court did not grant the State's relevancy objection but required Defendant to lay a further foundation regarding Boyfriend's possession of methamphetamine. No further ruling was issued regarding the relevancy of this testimony and Boyfriend invoked his Fifth Amendment right to remain silent in response to Defendant's additional questions about his previous possession of methamphetamine.

Despite the lack of any ruling by the district court, Defendant has made numerous arguments regarding the relevancy of Boyfriend's subsequent arrest for possession of methamphetamine on appeal. Because the district court did not rule that Boyfriend's subsequent arrest was irrelevant, and because the court allowed Defendant to continue with her questions regarding this subsequent arrest, we need not address the relevancy issue further. *See* Rule 12-216(A) (in order to preserve a question for review it must appear that a ruling by the district court was fairly invoked by the appellant). In this case, no error or ruling was made by the district court that requires a correction. *See Gushwa v. Hunt*, 2008-NMSC-064, ¶ 47, 145 N.M. 286, 197 P.3d 1(explaining the purposes of the preservation rule: to allow the district court an opportunity to correct any errors and to create a sufficient record for an appellate

court to make informed decisions).

Defendant next claims that the district court denied her attempt to require Boyfriend to testify about his arrest for possession of methamphetamine despite his invocation of the Fifth Amendment right to remain silent. Defendant appears to argue that the district court somehow limited her further inquiry into Boyfriend's arrest based upon the erroneous belief that Boyfriend's invocation of his Fifth Amendment right was proper. Again the record reflects otherwise.

Defendant did not request that Boyfriend be required to answer questions due to an unsuccessful or improper attempt to invoke his Fifth Amendment right; she only asked for "[a] very clear implication" that Boyfriend was in fact invoking his Fifth Amendment right. Once this clarification was provided, Defendant continued with her questions until she concluded with the witness. Again, no such objection or Fifth Amendment ruling was ever requested or preserved by the Defendant, and the district court made no ruling regarding the propriety of Boyfriend's invocation of this Fifth Amendment right. As a result, we need not address this issue any further. *See* Rule 12-216(A); *see also Gushwa*, 2008-NMSC-064, ¶ 47.

**2.      Impeachment Through Admission of the Complaint and Affidavit**

After Boyfriend denied both use and possession of methamphetamine, defense counsel attempted to impeach his testimony with questions regarding his subsequent

13

arrest for methamphetamine possession. When Boyfriend invoked his Fifth Amendment right to remain silent, Defendant attempted to impeach his testimony by requesting the admission of a certified copy of the Complaint and Affidavit. The Affidavit allegedly contained incriminating statements made by Boyfriend during his subsequent arrest. The State objected on the basis of hearsay, and the district court refused to admit the Complaint or Affidavit as exhibits.

Initially, Defendant offered the Complaint and Affidavit–and Boyfriend's alleged statements contained in the Affidavit—as an admission of a party opponent under Rule 11-801(D)(2) NMRA. The Affidavit was a sworn statement made by Officer Rightsell and only included alleged statements Officer Rightsell attributed to Boyfriend. As a result, Defendant now argues on appeal that, (1) the statements are not hearsay under Rule 11-801 because they were not offered for the truth of the matter asserted but were offered for another reason; (2) the public record or business record exceptions under Rule 11-803(F) and (H) NMRA should have allowed their admission; (3) the statements were against Boyfriend's penal interest and should have been admitted under Rule 11-804 NMRA; and (4) the statements should have been admitted under the residual exception to the hearsay rule set forth in Rule 11-807 NMRA. These four additional hearsay exceptions were not raised or preserved in the district court. To preserve an issue for appeal, Defendant must make a timely

14

objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *See Lucero*, 104 N.M. at 590, 725 P.2d at 269. In her briefing, Defendant either admits or fails to indicate how these four additional issues were preserved for our review. *See In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). As a result, we will not address the merits of these four new arguments that were not preserved below. *See* Rule 12-216(A); *see also Gushwa*, 2008-NMSC-064, ¶ 47.

The only hearsay argument preserved by Defendant regarding the admission of the Complaint and Affidavit relied upon the hearsay exception that allows for the admission of a party opponent as set forth in Rule 11-801(D)(2). It is undisputed that Boyfriend is only an adversarial witness in Defendant's case and, despite Defendant's various assertions regarding their relationship, he is not a party in these proceedings. Defendant has failed to provide any authority to support her argument that the State's witness against her qualifies as a party opponent under Rule 11-801(D)(2). *See State v. Garcia*, 2005-NMCA-065, ¶ 7, 137 N.M. 583, 113 P.3d 406 (recognizing that an appellate court will not consider an issue if no authority is cited in support of the argument). Without authority, we are not inclined to consider the merit of this argument further. As a result, the district court did not abuse its discretion when it

rejected Defendant's Rule 11-801(D)(2) argument and refused to admit the Complaint and Affidavit as exhibits.

**3.      Fundamental and Plain Error**

Defendant also argues that this Court may review the district court's failure to admit the Complaint and Affidavit even if it was not adequately preserved because it constituted either plain or fundamental error. *See* Rule 12-213(A)(4) NMRA (requiring that appellant's brief-in-chief set forth their arguments "with respect to each issue presented . . . and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings or exhibits relied on"). This Court has previously held that plain error is to be used sparingly. *State v. Torres*, 2005-NMCA-070, ¶ 9, 137 N.M. 607, 113 P.3d 877. We apply the rule only in evidentiary matters and "only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Id.* (internal quotation marks and citation omitted). In determining whether there has been plain error, "we must examine the alleged errors in the context of the testimony as a whole." *State v. Barraza*, 110 N.M. 45, 49, 791 P.2d 799, 803 (Ct. App. 1990).

The first step in a plain error analysis is to identify the evidentiary error made by the district court. Defendant initially proposed to use Boyfriend's arrest to

16

impeach his testimony that he had never used or possessed methamphetamine. "However, '[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 11-609 [NMRA 1999], may not be proved by extrinsic evidence.'" *Lucero*, 1999-NMCA-102, ¶ 38 (alterations in original) (quoting Rule 11-608(B) NMRA). Here, Defendant recognized that the charges against Boyfriend did not result in a conviction and had been dismissed, so Rule 11-608(B) would apply to exclude the evidence of Boyfriend's conduct as it was depicted in the Complaint and Affidavit. *See Lucero*, 1999-NMCA-102, ¶ 39. Even if Defendant had overcome the State's hearsay objection, the State would have been able to ask the district court to exclude this evidence under Rule 11-608(B). As a result, Defendant has failed to meet this first requirement in her plain error analysis.

Even assuming that the district court was in error, after looking at the trial as a whole, we cannot conclude that Boyfriend's invocation of his Fifth Amendment right and the district court's exclusion of the Complaint and Affidavit raised "grave doubts about the validity of the verdict." *State v. Dylan J.*, 2009-NMCA-027, ¶ 19, 145 N.M. 719, 204 P.3d 44. At best, the evidence of Boyfriend's drug use and possession would implicate him as a participant and a possible co-defendant. Boyfriend's subsequent arrest two months after Defendant's arrest does not establish

17

that the drugs found on Defendant and inside her apartment two months earlier belonged to Boyfriend.  This evidence would not exonerate Defendant from her participation in the activity that led to the charges against her.  Under the facts presented in this case, Boyfriend's involvement in drug activity is not the type of evidence that would cast grave doubts about Defendant's involvement in the same activity.  As a result, the fundamental fairness and integrity of these judicial proceedings would not be violated by excluding evidence of Boyfriend's subsequent arrest for possession of methamphetamine.  The district court did not commit fundamental or plain error by allowing Boyfriend to invoke his Fifth Amendment right or by excluding the extrinsic evidence of his subsequent arrest.

**4.	Presentment of a Complete Defense**

We recognize that a criminal defendant has a fundamental right to present a defense.  *State v. Rosales*, 2004-NMSC-022, ¶ 7, 136 N.M. 25, 94 P.3d 768.  "However, that right has never been absolute or unlimited." *Id.*  At times, "a defendant's interest in presenting evidence may . . . bow to accommodate other legitimate interests in the criminal trial process." *Id.* (internal quotation marks and citation omitted).  State rules of evidence, for example, "do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *Id.* (internal quotation marks and citation

18

omitted).

We hold that the district court's decision to bar the admission of certain limited evidence did not prevent Defendant from presenting a complete defense, as she is entitled to do under the United States Constitution. Although the district court excluded the evidence of Boyfriend's subsequent arrest for methamphetamine possession, it did allow Defendant to ask Boyfriend about his involvement in the events on the night of Defendant's arrest, his access to her home, his drug use, his drug paraphernalia, and his drug related activities. Defendant was also able to explore her theory that Boyfriend was in fact the culprit and present it to the jury through her own testimony. She was also able to impeach Boyfriend's credibility by establishing that he initially lied to the police about his relationship with Defendant and his use of heroin. Under the circumstances in this case, the exclusion of Boyfriend's subsequent arrest did not materially infringe upon Defendant's constitutional right to present a defense. Instead, it properly limited one slightly relevant piece of evidence that was excluded in accordance with the New Mexico Rules of Evidence. We hold that the district court did not violate Defendant's fundamental right to present a defense.

**C.  Ineffective Assistance of Counsel**

Defendant also asserts on appeal that defense counsel was ineffective for failing to argue the correct evidentiary standards necessary to admit evidence of Boyfriend's

subsequent arrest set forth in the Complaint and Affidavit. For the reasons discussed above, we found no error in the district court's exclusion of any evidence and no fundamental or plain error in matters that were not preserved in the record. As a result, we cannot conclude that Defendant "suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Aker*, 2005-NMCA-063, ¶ 34 (internal quotation marks and citation omitted). Any further concerns regarding ineffective assistance of counsel must be raised separately in a habeas corpus proceeding. *See Roybal*, 2002-NMSC-027, ¶ 19 (explaining that where a defendant fails to demonstrate a prima facie case of ineffective assistance based on the record below, the claim is more properly brought through a habeas corpus petition).

**III.    Sufficiency of the Evidence**

Defendant's final argument attacks the sufficiency of the evidence for possession of drugs and paraphernalia found in the common areas of the apartment and for trafficking. In reviewing the sufficiency of evidence supporting a conviction, we review the evidence in the light most favorable to the prevailing party. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "[S]ufficient evidence to uphold a conviction exists where substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt

20

with respect to every element essential to [a] conviction." *State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Rojo*, 1999-NMSC-001, ¶ 19. On appeal, we do not weigh the evidence or substitute our judgment for that of the fact finder so long as the evidence is sufficient to support the verdict. *Akers*, 2010-NMCA-103, ¶ 32.

**A.    Possession**

Defendant contends that the evidence was insufficient to establish the element of possession with regard to the drugs located in her apartment. In order to convict Defendant of possession of a controlled substance, the jury was required to find that Defendant had a controlled substance in her possession, knowing it to be a substance that was regulated or prohibited by law. Defendant claims that the State was required to prove "constructive possession" over the drugs and paraphernalia found in her apartment because she shared the apartment with Boyfriend. Proof of constructive possession can be established by evidence of a defendant's conduct and actions, and by circumstantial evidence that connects a defendant to the crime. *State v. Brietag*, 108 N.M. 368, 370, 772 P.2d 898, 900 (Ct. App. 1989).

Viewing the evidence in the light most favorable to the district court's decision,

21

we conclude that the evidence was sufficient to establish Defendant's possession of the drugs found in her apartment. Even though Defendant claimed to share the apartment with Boyfriend, the record also supports the opposite. The record indicates that Boyfriend did not spend much time in Defendant's apartment. Boyfriend also testified at trial that he did not live at the apartment and that it was Defendant's apartment. Boyfriend also testified that he did not use drugs in Defendant's apartment. The inferences from the evidence support the conclusion that the apartment was rented by Defendant and she had exclusive control over her belongings inside of the apartment. We conclude the evidence was sufficient to support Defendant's conviction for possession of the items found in the apartment.

**II.    Trafficking**

Defendant also contends that there was no evidence establishing intent to distribute because Defendant explained that the drugs were only in her possession temporarily. To convict Defendant of trafficking by possession with intent to distribute a controlled substance, the jury was required to find that Defendant had a controlled substance in her possession, knowing that it was a drug that was regulated or prohibited by law, and that she intended to transfer it to another. "Intent may be proved by inference from the surrounding facts and circumstances, such as the quantity and manner of packaging of the controlled substance." *State v. Muniz*, 110

N.M. 799, 800, 800 P.2d 734, 735 (Ct. App. 1990) (citation omitted).

Viewing the evidence in the light most favorable to the district court's decision in favor of the State, the evidence was sufficient to establish intent to distribute. Some of the drugs found on Defendant's person when she was arrested were individually packaged. The record also reflects that police officers discovered a digital scale inside a box of baggies while searching Defendant's apartment. *See State v. Zamora*, 2005-NMCA-039, ¶ 24, 137 N.M. 301, 110 P.3d 517 (explaining that amount, packaging, and scales is sufficient to establish intent to distribute). Near the box of baggies, in the same drawer, was a torn or cut glove with only one finger remaining. Additionally, Defendant admitted on cross-examination that she intended to give the drugs to Boyfriend. Accordingly, the evidence is sufficient to support Defendant's conviction for trafficking by possession with intent to distribute.

**CONCLUSION**

For the foregoing reasons we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

23

**WE CONCUR:**

_____
**JONATHAN B.  SUTIN, Judge**


_____
**CYNTHIA A. FRY, Judge**