This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **No. A-1-CA-36752**

**EDWARD REYES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant appeals from convictions for aggravated battery against a household member and aggravated stalking after entering into an unconditional plea agreement.

[RP 49-53, 57-60] We issued a notice of proposed summary disposition proposing to dismiss the appeal, and Defendant has responded with a memorandum in opposition. Having considered Defendant's response, we continue to believe that dismissal is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we dismiss.

{2}     In our notice, we discussed the fact that Defendant's plea agreement did not reserve any issues for appeal, and pointed to case law indicating that an unconditional plea like the one entered into by Defendant in this case waives a defendant's right to challenge his convictions or sentence on direct appeal. *State v. Chavarria*, 2009-NMSC-020, ¶¶ 9, 17, 146 N.M. 251, 208 P.3d 896. We also noted the difficulty posed by the fact that a defendant may not attack a plea agreement for the first time on appeal, but must instead file a motion to withdraw the plea in district court before requesting relief from this Court. *State v. Andazola*, 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77. Defendant's memorandum in opposition acknowledges our citations to *Chavarria* and *Andazola* and attempts to distinguish the cases. In addition, Defendant seeks to add a new issue. [MIO 3] For the reasons that follow, we deny Defendant's motion to amend and dismiss.

{3}     First, we understand Defendant to suggest that *Chavarria* was undermined by the Supreme Court's decision in *State v. Rudy B.*, 2010-NMSC-045, 149 N.M. 22, 243

2

P.3d 726. Relying on *Rudy B.*, Defendant argues that waiver of appeal in a plea agreement does not divest this Court of jurisdiction. [MIO 2, 7-8] Because Defendant challenged the condition "promptly at sentencing, the hearing at which it was first contemplated," [MIO 2] Defendant suggests that this Court should consider the issue raised on direct appeal. [MIO 2] We are not persuaded. *Rudy B.* simply acknowledges that there is a difference between waiver of the right to an appeal and jurisdiction to hear an appeal. 2010-NMSC-045, ¶ 12. In this case, as we explained in our calendar notice, because Defendant did not reserve any issues in his plea agreement, he waived the right to appeal. *See id.* (recognizing the "well-established principle that a voluntary plea of guilty or nolo contendere ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." (internal quotation marks and citations omitted)).

{4} Second, Defendant seeks to amend the docketing statement to include the issue of whether the "blanket condition of probation resulted in an illegal sentence within the . . . meaning of *Chavarria.*" [MIO 3] However, we continue to believe that his remedy, if any, lies in an action filed in the district court rather than via direct appeal to this Court. *See id.* ¶ 17 (noting that a defendant can either enter a conditional plea to reserve issues for appellate review or, following the imposition of a sentence, may file motions to remedy an illegal sentence pursuant to Rule 5-801 NMRA or Rule 5-

802 NMRA). Because this issue is not viable, we deny Defendant's motion to amend. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (explaining that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{5}     Lastly, Defendant attempts to distinguish *Chavarria* on the basis that it "rests on concepts of knowing waiver." [MIO 3] He argues that because the plea agreement said nothing about the no-contact order as a condition of probation, he had no notice that his sentence would include such a provision and the sentence was therefore not in accord with his agreement. [MIO 3-4, 13-15] Again, we point out that Defendant failed to move to withdraw his plea agreement. Accordingly, he cannot "attack the plea for the first time on direct appeal." *See, e.g.*, *State v. Andazola*, 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77 (holding that if a defendant fails to file a motion in the trial court to withdraw a plea, the defendant cannot attack the plea for the first time on appeal). At this juncture, "he is limited to seeking relief in collateral proceedings." *Id.* Further, we point out that the plea agreement clearly contemplates that Defendant may need to serve a period of probation. [RP 49-53] The district courts have broad discretion to effect rehabilitation and may impose conditions "designed to protect the

4

public against the commission of other offenses during the term, and which have as their objective the deterrence of future misconduct." *State v. Donaldson*, 1983-NMCA-064, ¶ 33, 100 N.M. 111, 666 P.2d 1258 (citation omitted). Defendant was convicted of aggravated battery against a household member and aggravated stalking; the mother of his children was the victim of these crimes. [MIO 1] In light of this history of domestic violence, it was entirely reasonable and foreseeable that the district court would impose the no-contact condition in an effort to deter Defendant from further terrorizing either the victim or the children, who were indirectly victimized by Defendant's crimes. *Cf. State ex rel. Children, Youth & Families Dep't v. Joe R.*, 1997-NMSC-38, ¶ 32, 123 N.M. 711, 945 P.2d 76 (observing that father effectively neglected child by murdering mother); *State v. Trujillo*, 2002-NMCA-100, ¶ 20, 132 N.M. 649, 53 P.3d 909 (recognizing the risk of harm to a child's emotional health as a result of witnessing a violent attack on her mother); *State v. Garcia*, 2005-NMCA-065, ¶¶ 12-13, 137 N.M. 583, 113 P.3d 406 (upholding a condition of probation that prohibited the defendant from having further contact with minors, including his own children, on grounds that the condition was reasonably related to achieving the sentencing goal of deterring further criminal conduct). Thus, to the extent that Defendant claims that he had no notice that this condition might be imposed, we are not persuaded—the condition that Defendant have no contact with

5

his victim is clearly foreseeable and a standard condition of probation. *See* N.M. Corr. Dep't Prob. & Parole Div., *Standard Probation Supervision*, http://cd.nm.gov/ppd/ppd.html (last visited March 21, 2018).

{6}     Based on the foregoing as well as the discussion in our notice of proposed summary disposition, we dismiss Defendant's appeal.

{7}     **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**



_____
**STEPHEN G. FRENCH, Judge**