2006-NMCA-092

141 P.3d 538

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Timothy WILLIAMS, Defendant–Appellant.**

**No. 25,958.**

Court of Appeals of New Mexico.

June 29, 2006.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Ralph E. Trujillo, Assistant Attorney General, Albuquerque, NM, for Appellee.

Gorence & Oliveros, P.C., Robert J. Gorence, Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Although charged with crimes that require, on conviction, registration under SORNA, Defendant Timothy Williams pleaded no contest to crimes that do not require registration. The district court sentenced Defendant to probation and included a condition that Defendant provide the Bernalillo County sheriff information required under the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29–11A–1 to –10 (1995, as amended through 2005), and it gave the sheriff the discretion to process the information. Because the district court did not have the authority to require registration or to give the sheriff the discretion to process the information, we reverse this condition of probation and affirm the trial court's judgment and sentence in all other respects.

## BACKGROUND

{2} Defendant was charged with six counts of criminal sexual contact of a minor and two counts of contributing to the delinquency of a minor. By virtue of a plea and disposition agreement, Defendant entered a plea of no contest to one count of child abuse and one count of contributing to the delinquency of a minor. Among the provisions of the plea and disposition agreement, the State agreed not to object to probation with a suspended or deferred sentence, and the State and Defendant agreed to certain special conditions of probation. There was no mention of SORNA. The district court accepted the agreement. It sentenced Defendant to a total of four and one-half years' imprisonment, suspended the sentence, and placed Defendant on supervised probation for the period of the sentence. It imposed the special conditions of probation stated in the plea and disposi-

tion agreement and added the condition that Defendant "submit all paperwork which would have been required upon a conviction enumerated in the sex offender registration act pursuant to [S]ection 29–11A–1, through [S]ection 29–11A–8, of the NMSA to the Bernalillo County Sheriff's office for the Sheriff's office to process at their discretion." Defendant appeals the district court's judgment and sentence with respect to the legality of this probation condition.

## STANDARD OF REVIEW

{3} The grant of probation is a discretionary act of the sentencing court. *State v. Garcia,* 2005–NMCA–065, ¶ 11, 137 N.M. 583, 113 P.3d 406; *State v. Donaldson,* 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App.1983). We therefore review probation terms and conditions that the sentencing court has imposed for abuse of discretion. *Garcia,* 2005–NMCA–065, ¶ 10. Specifically, in deferring to a sentencing court's discretion in setting such terms and conditions, we will not set it aside unless they "(1) have no reasonable relationship to the offense for which [the] defendant was convicted, (2) relate to activity which is not itself criminal in nature *and* (3) require or forbid conduct which is not reasonably related to deterring future criminality." *Donaldson,* 100 N.M. at 120, 666 P.2d at 1267.

{4} However, a sentencing court may not impose an illegal sentence. *See, e.g., State v. Dominguez,* 115 N.M. 445, 456, 853 P.2d 147, 158 (Ct.App.1993) ("Conditions of probation that are not authorized by law are void."). Thus, it does not have the discretion to impose a probation term or condition that is contrary to law. We review the legality of a sentence under the de novo standard of review. *See State v. Brown,* 1999–NMSC–004, ¶ 8, 126 N.M. 642, 974 P.2d 136.

## LEGALITY OF PROBATION CONDITION

{5} SORNA classifies certain specified crimes as "sex offense[s]" and defines a New Mexico resident convicted of a sex offense in New Mexico as a "sex offender." Section 29–11A–3(D), (E). It requires sex offenders to register with the county sheriff of the county of the offender's residence, providing

information concerning the offender's name, date of birth, social security number, address, place of employment, and the sex offenses of which the offender was convicted. Section 29–11A–4(B). The willful or knowing failure to register is a felony. Section 29–11A–4(N). SORNA further requires certain sex offenders to renew their registration annually for ten years and others to renew at least every ninety-day period for life. Section 29–11A–4(L). It mandates that the county sheriff maintain a local registry of sex offenders required to register under SORNA and forward registration information to the department of public safety, which must maintain a central registry and participate in the national sex offender registry. Section 29–11A–5(A), (B), (C). It also subjects certain specified sex offenders to its notification provisions. Section 29–11A–5.1(A); *State v. Druktenis,* 2004–NMCA–032, ¶ 23, 135 N.M. 223, 86 P.3d 1050. These provisions provide means for the public to access some of the registration information about the specified sex offenders. *Druktenis,* 2004–NMCA–032, ¶ 24.

{6} The legislature enacted SORNA to protect communities through the registration of and dissemination of information about sex offenders. Section 29–11A–2. It is a remedial statute, designed for public safety, not punishment. *Druktenis,* 2004–NMCA–032, ¶ 32; *State v. Moore,* 2004–NMCA–035, ¶¶ 21–25, 135 N.M. 210, 86 P.3d 635.

{7} The district court ordered Defendant to fulfill the registration requirements of SORNA during the period of his probation. It did so both for purposes of community protection and Defendant's rehabilitation. We recognize the district court's discretion to impose a probation condition that it intends for rehabilitation. *See State v. Rivera,* 2004–NMSC–001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (noting that the district court has "the broad power to ensure that the goal of rehabilitation is indeed being achieved"). However, in this instance, the condition does not comport with the provision or the intent of SORNA, and, therefore, the district court

did not have the authority to impose the condition.

{8} In imposing its condition, the district court required Defendant to submit the paperwork for registration as a sex offender under SORNA. It did not merely require Defendant to provide the sheriff with Defendant's personal information and information concerning his offenses. The mere requirement of the provision of such information for the court's stated purpose of community protection and Defendant's rehabilitation would presumably be reasonably related to the court's interest to "protect the public against the commission of other offenses" and deter Defendant from "future misconduct" and would therefore be permissible. *Donaldson*, 100 N.M. at 119, 666 P.2d at 1266; *see Garcia*, 2005–NMCA–065, ¶ 11.

{9} But the district court required more. It specifically tied the information to registration under SORNA, and it allowed the sheriff the discretion to process Defendant as a sex offender under SORNA. Defendant is not a sex offender under SORNA. He was not convicted of any of the sex offenses listed in SORNA. Section 29–11A–3(E). He was not required to register upon his conviction. The district court could not have forced him to register as punishment for his crimes. Indeed, we have questioned whether the district court even has the authority to order a defendant to register when the defendant has been convicted of a sex offense. *See State v. Brothers*, 2002–NMCA–110, ¶¶ 22, 23, 133 N.M. 36, 59 P.3d 1268 (noting that while the district court may not have had the authority to require a convicted sex offender to register, it had the authority to notify the defendant of the registration requirement).

{10} Not only does the statutory scheme of SORNA not contemplate Defendant's registration, it also does not contemplate any action upon the receipt of the registration information. SORNA mandates that upon receiving registration information the sheriff include the information in the local registry and forward it to the department of public safety. But the sheriff has no authority under SORNA to take any action with regard to someone who was not convicted of a sex offense. Section 29–11A–5(A), (B) (providing that the "sheriff shall maintain a local registry of sex offenders" and that the "sheriff shall forward" information and DNA samples "obtained from sex offenders"). Nor does the department of public safety have any authority to include registration information of a non-sex offender in the central registry or to forward it to the national registry. Section 29–11A–5(C) (providing that "[t]he department of public safety shall maintain a central registry of sex offenders" and "shall send conviction information and fingerprints for all sex offenders ... to the national sex offender registry"). Based on the district court's oral ruling at the sentencing hearing, it is clear that the paperwork it ordered Defendant to file is registration information. *See State v. Roybal*, 2006–NMCA–043, ¶ 9, 139 N.M. 341, 132 P.3d 598 (noting that the court's oral comments may be "used to clarify [its] ruling").

{11} Although the sheriff has the mandatory responsibility to include sex offender registration information in the local registry and to forward it to the department of public safety, the sheriff has no authority under SORNA to take any action with regard to someone who was not convicted of a sex offense. *See* § 29–11A–5(A), (B). This important distinction is magnified by the district court's grant of discretion to the sheriff to process Defendant's registration information. With the mandatory language of SORNA as to a sheriff's responsibilities, we do not believe that the legislature intended to encumber sheriffs with the burden of deciding what action to take with registration information, particularly when SORNA does not even give the sheriff the authority to receive the information. Indeed, such discretion would undermine the reliability of the registry system.

{12} Further, because the district court could not statutorily require Defendant to register under SORNA, since he was not convicted of a sex offense, the district court could not use SORNA as a punishment tool in its sentence. *See, e.g., State v. Michael V.*, 107 N.M. 305, 306, 756 P.2d 585, 586 (Ct.App. 1988) ("The fixing of penalties is a legislative function and the trial court has authority to impose only what has been authorized by the

198

legislature."). Indeed, SORNA is a remedial statute, not designed as a form of punishment, although it may have such an indirect effect. *Druktenis,* 2004–NMCA–032. We have so held despite the potential that registration may bring detrimental consequences to the sex offender and the sex offender's family. *Id.* ¶¶ 32–34. SORNA is nevertheless remedial because the legislative goal of public safety overrides any such individual detriment. *See id.* ¶ 34. The legislature, however, has not conducted any balance between the potential public safety benefit and the individual detriment for someone, such as Defendant, who has not been convicted of a sex offense. By including the probation condition at issue, the district court has substituted its judgment for that of the legislature. It may not make this determination.

{13} We thus reach the conclusion that SORNA does not afford any authority for the district court to require Defendant to file SORNA registration information as ordered in the probation condition, and, as a consequence, the district court lacked the authority to order the condition. We understand the district court's desire to protect the public and to deter Defendant from further misconduct by placing Defendant within the SORNA system. Although the district court has discretion to fashion conditions of probation reasonably designed to rehabilitate the defendant, it may not abridge statutory authority to accomplish its purpose.

## CONCLUSION

{14} For the foregoing reasons, we reverse the imposition of registration under SORNA as a condition of Defendant's probation. We affirm the remainder of the district court's judgment and sentence.

{15} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and CELIA FOY CASTILLO, Judges.