This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                            **NO.  28,894**

**JUAN VENEGAS**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellant Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ROBLES, Judge.**

Defendant appeals an order revoking his probation and imposing the remainder of his prison sentence. The issue raised by Defendant has two parts. First, he contends that the district court erred in revoking his probation because of his stated intention not to comply with probation department requirements relating to a prior sex offense. Second, he contends that the probation department had no authority to mandate such requirements in this case. We affirm.

**I.     BACKGROUND**

Defendant was convicted in 2002 of six counts of forgery. Prior to sentencing, the State filed a supplemental information, indicating that Defendant had eight prior felony convictions. One of those prior convictions was for criminal sexual penetration in the fourth degree. The district court suspended the sentence for the forgery convictions with the exception of one day, and Defendant was placed on supervised probation for the remainder of the sentence followed by two years on parole. Defendant was given an eight-year enhancement on the basis of the supplemental information. Defendant was released from prison and began serving his probation in April of 2006.

A year later, the State moved to revoke Defendant's probation based on a number of violations of the conditions of his probation. At a hearing on the motion to revoke, Defendant admitted to the violations. The district court accepted the

admission and continued the hearing for sentencing.  At the sentencing hearing, the parole and probation officer recommended against placing Defendant on probation again.  In so doing, she stated that because Defendant had a prior sex offense, it was the department's policy to require him to comply with monitoring by ankle bracelet and other reporting.  Defendant had indicated to the officer that he was not going to comply with such requirements.  Thus, she stated she could not recommend placing him on probation again as she would be setting him up for failure because he would not comply with the bracelet and reporting requirements.

Defendant was strongly opposed to the conditions as he argued that he is not a sex offender.  He contended that the crime was committed when he was eighteen, and his girlfriend was fifteen.  He stated the he had been given probation and was told by the judge that the charges would be dismissed if he complied with probation.  He argued that he was not a sexual predator and should not have to comply with sex offender registration requirements.

At the conclusion of the hearing, the district court asked if Defendant wanted a continuance to resolve the issue with the prior sex offense.  The State requested the continuance, and Defendant agreed to it.  The sentencing hearing was continued.

At the continuation of the sentencing hearing, there was no discussion regarding resolution of the prior sex offense.  Again, the parole and probation officer

3

recommended against Defendant remaining on probation as he was not willing to comply with requirements of the department. She stated that if he would agree to those requirements, she would recommend that he remain on probation. Defendant again stated that he would not go on the monitor, that he was not a sex offender, and he simply would not do it.

The district court revoked Defendant's probation and remanded him to serve the remainder of his sentence. On the record, the district court stated that it was specifically finding that one of the violations was Defendant's stated refusal to follow any requirements established by the probation department for monitoring past sex offenders. The district court stated that it was not going to place Defendant on probation if he was going to violate in a week because of his failure to comply with department requirements. Defendant appeals.

**II. DISCUSSION**

**Standard of Review**

We review a district court's probation revocation decision under an abuse of discretion standard. *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). "To establish an abuse of discretion, it must appear the [district] court acted unfairly or arbitrarily, or committed manifest error." *Id*.

**A. Propriety of Revocation**

Once a violation of probation is established, the district court "may continue the original probation, revoke the probation[,] and either order a new probation with any condition provided for in [NMSA 1978, Sections 31-20-5 or 31-20-6], or require the probationer to serve the balance of the sentence imposed or any lesser sentence." NMSA 1978, § 31-21-15(B) (1989). Here, the probation officer recommended revoking the probation because Defendant had indicated that he would not comply with additional requirements that the probation department intended to impose. The district court determined that returning Defendant to probation under such circumstances would not make any sense.

We conclude that the district court did not abuse its discretion in determining that the appropriate result under the circumstances here was to require Defendant to serve the remainder of his sentence. "Probation assumes . . . that the offender can be rehabilitated without serving the suspended jail sentence." *State v. Lopez*, 2007-NMSC-011, ¶ 7, 141 N.M. 293, 154 P.3d 668 (internal quotation marks and citation omitted). Here, Defendant insisted and specifically stated on the record that he was not going to comply with the probation department's conditions relating to prior sex offenders. Under those circumstances, the district court could reasonably decide that returning Defendant to any probation would be pointless.

Our cases universally state that the district court has broad discretion to ensure that the goals of rehabilitation are being achieved. *Id.* ¶ 12. This includes monitoring and revoking probation where a defendant shows that he is not willing or able to be rehabilitated. It can occur any time prior to the expiration of the sentence. Thus, under circumstances such as those here where Defendant has indicated his unwillingness to comply with probation conditions, the district court was within its discretion to revoke probation and order Defendant to serve the remainder of his sentence in jail.

**B.      Authority to Mandate Conditions**

Defendant argues that the decision was an abuse of discretion because the probation department had no authority to require him to comply with additional conditions as a prior sex offender. On appeal, Defendant argues that the department could not include those conditions as they related to sex offenders, and he was on probation for forgery offenses. He argues that the department's conditions had no reasonable relationship to the offense for which Defendant was convicted. *See State v. Williams*, 2006-NMCA-092, ¶ 3, 140 N.M. 194, 141 P.3d 538 (setting out the factors for determining the propriety of terms and conditions of probation). Defendant did not, however, make this argument below. Rather, he argued that he was not a sex offender and should not have to comply with the department's conditions.

We do not believe that the argument made below is sufficient to meet Defendant's burden upon a claim that the conditions of probation are an abuse of discretion. *See State v. Baca*, 2004-NMCA-049, ¶ 13, 135 N.M. 490, 90 P.3d 509 (stating standard of review for propriety of probation conditions). Our cases have set out three factors that we must consider in reviewing the propriety of conditions of probation. *Williams*, 2006-NMCA-092, ¶ 3. Those factors are that the conditions "(1) have no reasonable relationship to the offense for which [the] defendant was convicted, (2) relate to activity which is not itself criminal in nature, *and* (3) require or forbid conduct which is not reasonably related to deterring future criminality." *Id.* (alteration in original) (internal quotation marks and citation omitted). It is Defendant's burden to come forward with evidence sufficient to raise a prima facie showing on his claim that the probation conditions were improper. *Baca*, 2004-NMCA-049, ¶ 16. Defendant failed to do so here. In fact, there was no evidence presented at the sentencing hearing bearing on the relationship between his convictions and the additional probation conditions relating to monitoring. Therefore, Defendant's claim must fail for lack of proof.

As a result, we conclude that the district court did not abuse its discretion in permitting the department to require conditions relating to Defendant's prior sex offense. *See id.*

7



**III.    CONCLUSION**

For the reasons stated herein, we conclude that the district court did not abuse its discretion in revoking Defendant's probation and in ordering him to serve the remainder of his sentence in jail.

**IT IS SO ORDERED.**

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**