This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 34,205**

**JASON SALAZAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**John M. Paternoster, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals the revocation of his probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition. With respect to the issues previously raised, we remain unpersuaded that the district court erred in revoking Defendant's sentence and requiring him to serve the balance of the sentence. We therefore affirm the substance of the district court's order. However, with respect to the motion to amend, we agree that the order contains an inaccuracy. We therefore remand for technical correction.

{2}     By his first issue, Defendant has challenged the sufficiency of the evidence to establish that he violated the terms and conditions of his probation. [DS 4] As we previously observed, the State satisfied its burden by presenting evidence that Defendant failed to carry his GPS unit, violated his curfew, and consumed alcohol. [DS 3; CN 2] In his memorandum in opposition, Defendant does not dispute this evidence. [MIO 5-6] Instead, he now asserts that the GPS unit and curfew requirements were not reasonably related to either the offenses for which he was convicted or rehabilitation. [MIO 8-10] *See State v. Williams*, 2006-NMCA-092, ¶ 3, 140 N.M. 194, 141 P.3d 538 (providing that terms and conditions of probation will be set aside if they bear no reasonable relationship to the defendant's crimes or to deterring future criminality). More specifically, Defendant asserts that his ankle

monitor rendered the GPS unit superfluous. [MIO 8-9] However, this matter was not developed on the record below, and we have no way of knowing whether the GPS unit served some additional purpose. *See State ex rel Children, Youth & Families Dep't v. Andree G.*, 2007-NMCA-156, ¶ 28, 143 N.M. 195, 174 P.3d 531 (observing that factual matters not of record cannot be considered on appeal). Defendant also asserts that the 7 p.m. curfew requirement was arbitrary and served no valid purpose. [MIO 10] Once again, this matter was not developed below, and Defendant cites no supporting authority. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("In the absence of cited authority, we assume that none exists and decline to consider the argument further."). Finally, Defendant suggests that the probation officer's testimony about Defendant's intoxicated condition should be deemed "speculative" and therefore insufficient to establish that he consumed alcohol. [MIO 11] We disagree. *See State v. Privett*, 1986-NMSC-025, ¶ 20, 104 N.M. 79, 717 P.2d 55 ("[I]t is well recognized that laymen are capable of assessing the effects of intoxication as a matter within their common knowledge and experience.").

**{3}** Defendant also renews his second issue on appeal, contending that the district court abused its discretion by revoking his probation and requiring him to serve the balance of his sentence. [DS 4; MIO 11-13] However, as we previously observed, in light of his violations, the district court acted well within its discretion. *See generally*

3

NMSA 1978, § 31-21-15 (B) (1989); *see, e.g., Leon*, 2013-NMCA-011, ¶¶ 38-39 (holding that the probation officer's testimony that the defendant had violated the conditions of his probation by possessing alcohol was sufficient to support the revocation of his probation). Although Defendant suggests that the violations were "minor" [MIO 12-13] and, as such, lesser sanctions would have been appropriate, [MIO 12-13] the district court could reasonably have differed in its assessment. In the final analysis, the district court was under no obligation to continue Defendant's probation. *See State v. Mendoza* 1978-NMSC-048, ¶ 5, 91 N.M. 688, 579 P.2d 1255 ("Probation is not a right but a privilege.").

{4}      By his third issue, Defendant continues to assert that the sentence constitutes cruel and unusual punishment. [MIO 13-14] As grounds, he focuses on the "minor" and/or "technical" nature of the violations. [MIO 13-14] However, as we previously observed, the district court could have viewed the violations as more substantive and significant in nature than Defendant suggests. And ultimately, insofar as the district court acted within its statutory authority, we reject the argument. *See State v. Sanchez*, 2001-NMCA-060, ¶ 27, 130 N.M. 602, 28 P.3d 1143 (observing parenthetically that "merely requiring [a] defendant to serve [his] original sentence following revocation [is] not cruel and unusual punishment where the original sentence [is] within statutory limits").

**{5}** Finally, we turn to the motion to amend. Defendant asserts that the order revoking his probation is "manifestly wrong" to the extent that it indicates that he waived a hearing and admitted the probation violations. [MIO 14-15; RP 182] The record proper supports Defendant's assertion, reflecting that Defendant entered a denial and a hearing on the merits was actually conducted. [RP 175, 178-80] We therefore grant the motion to amend, and we agree that the error should be corrected.

**{6}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm on the merits. However, we remand for technical correction of the order.

**{7}** **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**M. MONICA ZAMORA, Judge**