This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　**NO. 33,551**

**VICTOR H. BALDONADO, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

JustAppeals.Net
The Appellate Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}**     A jury found Defendant guilty of seven counts of criminal sexual penetration (CSP) in the first degree, four counts of criminal sexual contact of a minor (CSCM) in the second degree, twenty-six counts of CSCM in the third degree, and one count of attempt to commit CSP in the first degree. *See* NMSA 1978, § 30-9-11(D)(1) (2003, amended 2009); NMSA 1978, § 30-9-13(B)(1), (C)(1) (2003); NMSA 1978, § 30-28-1 (1963). Defendant appeals, contending that: (1) his right to a speedy trial was violated; (2) he received ineffective assistance of counsel; (3) the district court erroneously excluded evidence of purported sexual abuse upon a witness; and (4) the district court improperly sentenced him to four counts of CSCM in the second degree, rather than in the third degree. We reject all of Defendant's arguments except the last. We therefore remand to modify the judgment and for resentencing.

**I.     BACKGROUND**

**{2}**     Defendant lived with his girlfriend, Rachael Medina (then Nevarez), and her two daughters, E.N. and D.N. While Defendant lived with E.N. and D.N., he committed numerous acts of sexual abuse against the two children. After Defendant and Medina had been separated for several months, Medina became aware of the molestation in a meeting with the girls' school counselor. Defendant was arrested on February 19, 2007, and indicted on March 1, 2007. Defendant's attorney filed his entry of appearance, a request for discovery, and a demand for a speedy trial on March 21, 2007.

**{3}** Nine motions to continue were filed: one was opposed by the State; six were stipulated motions to continue; one was not opposed by the State; and the State concurred in another. The State also filed four motions to reschedule trial settings that were either stipulated to or unopposed by Defendant. In addition, the district court vacated, for reasons not appearing in the record, many trial settings, and also declared a mistrial grounded on manifest necessity, causing further delay, but the record does not disclose why. The jury trial resulting in Defendant's convictions commenced on July 22, 2013.

## II.    DISCUSSION

**{4}** Defendant requests that we remand the case for a hearing on the issue of a speedy trial violation, or in the alternative, on the issue of ineffective assistance of counsel without a determination of a prima facie showing. Defendant does not provide any authority that it is within our discretion to remand on either one or both of these particular issues. We therefore decline Defendant's requests and turn to the issues raised on appeal.

## A.    Right to Speedy Trial

**{5}** Defendant claims for the first time on appeal that his right to a speedy trial was violated. We therefore review Defendant's contention only to determine whether fundamental error was committed. *See State v. Arrendondo*, 2012-NMSC-013, ¶¶ 45, 49, 278 P.3d 517 (reviewing for fundamental error a claim raised for first time on

3

appeal that the constitutional right to a speedy trial was violated); *see also* Rule 12-216(B)(2) NMRA (2015, current version at Rule 12-321 NMRA) (stating that an appellate court may consider, in its discretion, questions concerning fundamental error). As such, our review is limited to determining whether there was such "a striking violation of the constitutional right to a speedy trial that it would be appropriate to consider that issue for the first time on appeal." *State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). In examining a speedy trial claim, we apply the four-factor balancing test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). *State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387. Those factors are: "(1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) the actual prejudice to the defendant." *Id.* (internal quotation marks and citation omitted).

{6}     We first examine the length of the delay. Defendant was arrested on February 19, 2007 and brought to trial on July 22, 2013—a time span of almost six and one-half years. This delay exceeds the threshold of presumptively prejudicial delay and thus requires further inquiry into the *Barker* factors. *See Garza*, 2009-NMSC-038, ¶ 21 (requiring the length of delay to exceed a presumptively prejudicial threshold period of delay before inquiring into the remaining *Barker* factors); *see also State v. Spearman*, 2012-NMSC-023, ¶ 21, 283 P.3d 272 ("A delay of trial of one year is

4

presumptively prejudicial in simple cases, fifteen months in intermediate cases, and eighteen months in complex cases.").

{7} Under the second factor, the reason for the delay was caused by Defendant's motions for continuances, the State's stipulated or unopposed motions to continue, and the district court's own rescheduling. Defendant filed six motions to continue the trial setting—only one was opposed—and joined the State in three motions to reset the trial date, resulting in approximately a thirty-month delay. Defendant waived his speedy trial right for the resulting time delays in four of these motions, alerted the district court that the State was blameless in one of the motions, said counsel had other trial conflicts in two other motions, and stated that counsel needed additional time to prepare for trial in the rest of the motions.

{8} In *State v. Taylor*, 2015-NMCA-012, ¶ 18, 343 P.3d 199, we said, "The right to a speedy trial is fundamental and is not waived even if never asserted." Relying on this language, Defendant suggests that the right to a speedy trial can never be waived without a hearing, even when counsel waives the right in pleadings filed with the court. However, our case law supports a contrary conclusion. *See State v. Serros,* 2016-NMSC-008, ¶ 46, 366 P.3d 1121 (stating that in analyzing a speedy trial claim, the general principle is that "the actions of defense counsel ordinarily are attributable to the defendant"); *Arrendondo*, 2012-NMSC-013, ¶ 47 (stating that the defendant was bound by defense counsel's stipulation that the delay in bringing the case to trial

was not the state's fault). In addition, Defendant does not cite to any authority holding that a hearing is required in order to establish a knowing, intelligent, and voluntary waiver of the constitutional right to a speedy trial.

**{9}** In regards to the State's four motions to continue the trial date that resulted in a delay of eighteen months, Defendant either stipulated or did not oppose the motions. The delays that resulted from the foregoing pleadings filed by the respective parties do not support a speedy trial violation. *See State v. Moreno*, 2010-NMCA-044, ¶ 28, 148 N.M. 253, 233 P.3d 782 ("[W]here a defendant causes or contributes to the delay, or consents to the delay, he may not complain of a denial of the right to a speedy trial." (alteration, internal quotation marks, and citation omitted)).

**{10}** The evidence also demonstrates that the rest of the delay is attributable to the district court. The district court vacated trial dates throughout the case, but the record does not provide any reason for the majority of these resettings. The district court also declared a mistrial grounded on manifest necessity, but the record again does not give any further explanation for this ruling. With these deficiencies in the record, we must presume that the district court had valid reasons for its actions. *See Rojo*, 1999-NMSC-001, ¶ 53 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)). The only support for Defendant's claim that delays attributable to the district court weigh

against the State is an approximate five-month delay caused by the district court rescheduling due to a holiday, the need to reschedule for a three-day trial setting, and a conflicting trial on another case. *See Spearman*, 2012-NMSC-023, ¶ 25 ("Negligent or administrative delay is weighed against the [s]tate, since the ultimate responsibility for such circumstances must rest with the [state] rather than with the defendant, but such a reason is not weighed heavily." (internal quotation marks and citation omitted)).

{11} The third factor "acts as a preservation mechanism by requiring a defendant to assert his right to a speedy trial throughout the process." *Arrendondo*, 2012-NMSC-013, ¶ 48. Defendant only asserted his right in a demand for speedy trial with his counsel's entry of appearance, *State v. Valencia*, 2010-NMCA-005, ¶ 27, 147 N.M. 432, 224 P.3d 659 ("Early pro forma assertions are generally afforded relatively little weight."), and he never filed a motion to dismiss grounded on a speedy trial violation. Defendant asserts this was sufficient under *Taylor* where we declined to consider the state's contention that the defendant needed to reassert his right after the delay in that case became unacceptable. *See Taylor*, 2015-NMCA-012, ¶ 18. However, Defendant overlooks the fact that we declined to answer the state's contention in *Taylor* because the state cited no authority in support of its argument. *Id*. Importantly, we also concluded that the defendant in *Taylor* had speedy trial considerations on his mind when his stipulation that the state's motion to continue would not count against the

7

state was followed by a motion to dismiss for a speedy trial violation. *Id.* Defendant filed no such motion here.

{12}     Finally, Defendant "must show particularized prejudice of the kind against which the speedy trial right is intended to protect." *Garza*, 2009-NMSC-038, ¶¶ 35, 39 (stating the types of prejudice the speedy trial right was designed to prevent are (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) impairment to a defense). "Because the presumption of prejudice intensifies the longer that the delay extends beyond the presumptive threshold, less proof of prejudice is required from [the d]efendant, and more proof of lack of prejudice is required from the [s]tate where the delay is significant." *State v. Montoya*, 2015-NMCA-056, ¶ 25, 348 P.3d 1057.

{13}     While the delay here is substantial, Defendant fails to establish any actual prejudice he suffered as a result of the delay.  Defendant asserts prejudice due to: (1) his one-month incarceration before release on bond, subject to usual conditions such as no contact with any child under the age of eighteen, and no contact with witnesses; (2) impaired memory of a prosecution witness; and (3) alleged improvement of the memories of the victim children. Defendant points to nothing demonstrating that his pretrial incarceration, conditions of release, or anxiety was "undue" giving rise to particular prejudice. *See Garza*, 2009-NMSC-038, ¶ 35 (stating that the factor of anxiety while awaiting trial weighs in a defendant's favor "only where the pretrial

8

incarceration or the anxiety suffered is undue"). As to Defendant's second claim of prejudice, the evidence demonstrates that Defendant was able to impeach the prosecution witness due to her memory impairment. Defendant fails to cite to any authority holding that this is prejudice which the Sixth Amendment protects against, as opposed to the memory of a defense witness being impaired as a result of delay. Finally, as to Defendant's third claim of prejudice, Defendant fails to cite authority holding that a witness's improved memory is a type of prejudice the Sixth Amendment protects against. In short, based on the record before us, none of Defendant's claims of prejudice rises to the level of striking prejudice in violation of the constitutional right to a speedy trial.

{14}     In considering the *Barker* factors, we hold that no fundamental error resulted from a speedy trial violation. *See Rojo*, 1999-NMSC-001, ¶ 53 ("[N]othing in the record suggests such a striking violation of the constitutional right to a speedy trial that it would be appropriate to consider that issue for the first time on appeal[.]" (internal quotation marks and citation omitted)); *see also Arrendondo*, 2012-NMSC-013, ¶ 49 ("Given the history of this case, [the defendant's] stipulation [to the delay], his failure to assert his right to a speedy trial, and his failure to preserve the issue in this case, we do not find any fundamental error with respect to the speedy trial claim.").

**B.     Ineffective Assistance of Counsel**

**{15}** Defendant also argues for the first time on appeal a claim of ineffective assistance of counsel. His sole contention is that he received ineffective assistance of counsel because defense counsel failed to raise the issue concerning a violation of his speedy trial right.

**{16}** We review ineffective assistance of counsel claims de novo. *State v. Montoya*, 2015-NMSC-010, ¶ 57, 345 P.3d 1056. "When an ineffective assistance claim is first raised on direct appeal, [the appellate courts] evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**{17}** To successfully establish a prima facie case of ineffective assistance of counsel, a defendant must show "(1) that counsel's performance fell below that of a reasonably competent attorney and (2) that [the d]efendant was prejudiced by the deficient performance." *State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18. If a defendant fails to satisfy both prongs, the presumption of effective assistance of counsel controls. *Id.* ¶¶ 19, 23. A defendant fails to satisfy the first prong if a plausible, rational strategy or tactic can explain defense counsel's conduct. *State v. Ortega*, 2014-NMSC-017, ¶ 55, 327 P.3d 1076. To satisfy the second prong of prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

**{18}** Defendant argues that defense counsel had no strategic purpose in failing to raise the issue of a speedy trial violation. The State contends that, based on the substantial evidence of Defendant's guilt, defense counsel had a reasonable defense tactic to delay the trial as long as possible. *Barker*, 407 U.S. at 521 ("Delay is not an uncommon defense tactic."). We are unable to address whether it was reasonable not to raise the speedy trial issue as a trial tactic because the record does not contain any testimony from defense counsel why a speedy trial claim was not pursued. Thus, any determination concerning the reasonableness of defense counsel's action must necessarily be based on speculation at this time. *See Arrendondo*, 2012-NMSC-013, ¶ 42 ("However, because the record is void of any testimony from defense counsel regarding the reason for her decision, we do not know her motivation, and thus we cannot speculate regarding the reasonableness of that decision."). Because all the facts necessary to a full determination of this question are not part of the record before us, the ineffective assistance of counsel claim is more properly brought in a habeas corpus petition. *Roybal*, 2002-NMSC-027, ¶ 19.

**{19}** Because Defendant has failed to establish the first prong of a prima facie case of ineffective assistance of counsel claim, we need not address whether the second prong was satisfied. *Cf. Martinez*, 2007-NMCA-160, ¶ 19 (stating that if there is an insufficient showing of prejudice, we need not address the first prong of whether counsel's performance was deficient).

**{20}** While we reject Defendant's argument on appeal, this does not preclude Defendant from pursuing this claim in a habeas corpus proceeding where a full record can be developed. *See Arrendondo*, 2012-NMSC-013, ¶ 44.

## C. Exclusion of Evidence

**{21}** Defendant argues that the district court erred in its exclusion of testimony from Medina, the mother of E.N. and D.N., about purported sexual abuse she suffered from her father. In a pre-trial interview with the Defendant's investigator, Medina stated that her father "[tried] to abuse [her], but it never went all the way through." Defense counsel planned to explore the alleged sexual abuse by Medina's father during her cross-examination and advance the theory that because he had a purported history of sexual abuse against his daughter, he was the actual person who committed sexual abuse on E.N. and D.N. The district court prohibited this line of questioning because "[it is] an allegation without substantive proof [and] . . . a self-serving statement by [D]efendant."

**{22}** We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722. "An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case." *State v. Downey*, 2008-NMSC-061, ¶ 24, 145 N.M. 232, 195 P.3d 1244. (internal quotation marks and citation omitted).We fail to see an abuse of discretion in the district court's ruling.

12

**{23}** Defendant contends that he had a right to present his defense to the jury. We agree, but that right is not absolute or unlimited. *State v. Rosales*, 2004-NMSC-022, ¶ 7, 136 N.M. 25, 94 P.3d 768. Rules of evidence "do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *Id.* (internal quotation marks and citation omitted).

**{24}** "All relevant evidence is generally admissible, unless otherwise provided by law, and evidence that is not relevant is not admissible." *State v. Balderama*, 2004-NMSC-008, ¶ 23, 135 N.M. 329, 88 P.3d 845. Evidence is relevant if it has any tendency to make a fact that is of consequence in determining this action more or less probable than it would be without the evidence. Rule 11-401 NMRA. "Any doubt whether the evidence is relevant should be resolved in favor of admissibility." *Balderama*, 2004-NMSC-008, ¶ 23.

**{25}** Defendant argues that Medina's testimony was relevant because it offered an alternative offender, rather than Defendant, for E.N. and D.N.'s sexual abuse. We are unpersuaded. The evidence utterly fails to have any tendency to establish that Medina's father was the potential offender. Medina's response in the pretrial interview provides no indication that the purported sexual abuse suffered by Medina has any similarities to the offenses that E.N. and D.N. sustained. *Cf. State v. Peters*, 1997-NMCA-084, ¶ 14, 123 N.M. 667, 944 P.2d 896 ("Evidence of other crimes with

13

sufficient evidence of similar attributes has a strong probative value to show that the person who committed the other crime and the person who committed the charged crime are the same."). Moreover, the proposed testimony did not establish Medina's father had access to the children or the amount of time that he spent with the children. The contested evidence only would have shown that Medina's father allegedly attempted sexual abuse against his daughter. No reasonable inference can be made that, because the father allegedly attempted to molest his daughter, he therefore was the person, instead of Defendant, who molested E.N. and D.N. *See State v. Gallegos*, 2007-NMSC-007, ¶ 21, 141 N.M. 185, 152 P.3d 828 (stating that, "although logically relevant, evidence of how a person acted on a particular occasion is not legally relevant when it solely shows propensity").

**{26}** For the foregoing reasons, we are not persuaded that the district court abused its discretion in excluding the proposed evidence.

## D.    Illegal Sentence on CSCM

**{27}** Defendant contends that the district court imposed an illegal sentence because under the elements instructions on the four counts of CSCM in the second degree—Counts 19, 26, 32, and 38—the jury found Defendant guilty of CSCM in the third degree, and not CSCM in the second degree. Defendant acknowledges that he did not preserve this issue in the district court. However, "[a] trial court does not have jurisdiction to impose an illegal sentence on a defendant and, therefore, any party may

14

challenge an illegal sentence for the first time on appeal." *State v. Paiz*, 2011-NMSC-008, ¶ 33, 149 N.M. 412, 249 P.3d 1235. We review the legality of a sentence de novo. *State v. Williams*, 2006-NMCA-092, ¶ 4, 140 N.M. 194, 141 P.3d 538.

{28} To determine whether the district court imposed an illegal sentence on Defendant, we review the applicable statute and the jury instructions—the law of the case. *See Couch v. Astec Indus., Inc.*, 2002-NMCA-084, ¶ 40, 132 N.M. 631, 53 P.3d 398 ("Jury instructions not objected to become the law of the case."). With respect to the relevant statute, CSCM in the second degree "consists of all criminal sexual contact of the unclothed intimate parts of a minor perpetrated . . . on a child under thirteen years of age"; whereas, CSCM in the third degree "consists of all criminal sexual contact of a minor perpetrated . . . on a child under thirteen years of age." Section 30-9-13(B)(1), (C)(1) (2004). On each count of CSCM in the second degree the jury was told that the State was required to prove beyond a reasonable doubt that "[D]efendant caused [child] to touch the penis of [D]efendant," and "[child] was 12 years of age or younger."

{29} We conclude that *State v.Trujillo*, 2012-NMCA-092, 287 P.3d 344, is on point and binding on the issue before us here. In *Trujillo*, the jury instruction on CSCM in the second degree stated that "to find [the d]efendant guilty of CSCM, the [s]tate must prove to your satisfaction beyond a reasonable doubt that [the d]efendant caused C.A. to touch the unclothed penis of [the d]efendant." 2012-NMCA-092, ¶ 14 (omissions

15

and alterations omitted). On appeal, the defendant argued that because the uniform instruction for CSCM in the third degree was used without modification to reflect a charge of CSCM in the second degree, the district court erred in sentencing him to a second degree felony. *Id.* ¶ 15. After reviewing the relevant statutory provisions, Section 30-9-13(B)(1), (C)(1), we determined that under the jury instruction, the defendant's conduct constituted CSCM in the third degree, not in the second degree. *Trujillo*, 2012-NMCA-092, ¶¶ 17-18. We concluded that "the Legislature classified only the criminal sexual contact of the unclothed intimate parts of a minor as second degree CSCM[, and a]ll other acts of CSCM on a child under thirteen years of age are considered third degree CSCM." *Id.* ¶ 18. (emphasis, internal quotation marks, and citation omitted).

{30}    As in *Trujillo*, the jury instruction in the present case required the jury to find that Defendant caused the minor to touch his penis. We concluded in *Trujillo* that this constituted CSCM in the third degree, and we do so here. Under the instructions, the jury found defendant guilty of a third degree felony on these four counts, and as such, Defendant's judgment and sentence must be based on this verdict.

**III.    CONCLUSION**

{31}    For the foregoing reasons, we reverse the four counts of CSCM in the second degree, and remand this case for adjudication of guilt on these counts for CSCM in the

16

third degree and resentencing on those counts. In all other respects the judgment and sentence is affirmed.

{32} **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**