This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37132

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISAIAH ATENCIO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Isaiah Atencio appeals the terms of probation imposed after he entered a conditional guilty plea to child solicitation by an electronic communication device contrary to NMSA 1978, Section 30-37-3.2(C)(1) (2007).[1] Defendant contends his sentence is illegal because the district court improperly delegated its authority to impose his terms of probation contrary to NMSA 1978, Section 31-20-5.2 (2003) and

---

[1]Defendant was initially charged in 2013 with sexual exploitation of children by prostitution. Based on that same incident, he was charged in 2015 with child solicitation by an electronic communication device. The cases were joined in 2015. The initial charge was dismissed based on the plea agreement.

that this delegation was a violation of constitutional separation of powers provisions. He further argues he was not provided a hearing to determine the terms of his probation as required by Section 31-20-5.2(A) in violation of his right to procedural due process. The State concedes Defendant's indefinite sentence of parole is improper, and that it should be corrected by the district court on remand. We affirm Defendant's probation sentence, vacate Defendant's parole sentence, and remand to the district court to amend Defendant's parole sentence.

**BACKGROUND**

{2}    Defendant provisionally pleaded guilty to child solicitation by electronic communication device (appears to meet) (child 13-16) under Section 30-37-3.2(C)(1) subject to a conditional discharge. Defendant's conditional discharge included an order placing him on supervised probation and added specific requirements in addition to the standard conditions of probation. These conditions included that Defendant not possess illegal drugs and that he undergo random urinalysis testing.

{3}    A few months after he was conditionally discharged, Defendant admitted to violating his probation after failing to show up for a random drug test and testing positive for cocaine the next day. As a result, Defendant's conditional discharge was revoked by the district court, and he was remanded to the New Mexico Department of Corrections for two years. Once released, Defendant was subject to one year of supervised probation to be monitored by the sex offender unit. Defendant was also subject to parole for an indefinite period after his release from the New Mexico Corrections Department.

**DISCUSSION**

{4}    On appeal, Defendant argues he received an illegal sentence because the district court improperly delegated the authority to determine the initial conditions of his probation to Adult Probation and Parole—authority reserved to the district court under Section 31-20-5.2—and also violated Section 31-20-5.2(A) by not conducting a hearing to determine the terms and conditions of his supervised probation as statutorily required. Defendant argues the failure to provide a hearing violates his procedural due process rights. He further contends that when the district court delegated its authority to determine the terms of his probation to Adult Probation and Parole, it violated the separation of powers provisions of both the New Mexico Constitution and the United States Constitution, which led to fundamental error. We address each of Defendant's arguments in turn.

**I.    Defendant Did Not Receive an Illegal Sentence Because the District Court Did Not Delegate Its Authority**

{5}    Defendant contends that the sentence the district court imposed was illegal because the district court improperly delegated its sentencing authority to Adult Probation and Parole to determine the conditions of his probation. Although Defendant

did not raise the legality of his sentence in the district court, he contends that because a court lacks subject matter jurisdiction to impose a sentence that is illegal, this issue need not be raised in the district court in order to preserve it for review. *See* Rule 12-216(B) NMRA. The State contends that the district court's authority was not delegated at any time; instead, Defendant's supervision by probation authorities was a reasonable condition of probation pursuant to Section 31-20-5.2(C)(1).

**{6}** An illegal sentence is one not authorized by statute, *see State v. Chavarria*, 2009-NMSC-020, ¶¶ 10-12, 146 N.M. 251, 208 P.3d 896, and "is jurisdictional and may be raised for the first time on appeal." *State v. Sinyard*, 1983-NMCA-150, ¶ 1, 100 N.M. 694, 675 P.2d 426; *see also State v. Tafoya*, 2010-NMSC-019, ¶ 7, 148 N.M. 391, 237 P.3d 693 ("[A] court's sentencing power properly is considered part of its subject matter jurisdiction."). We review claims of an illegal sentence de novo. *State v. Williams*, 2006-NMCA-092, ¶ 4, 140 N.M. 194, 141 P.3d 538.

**{7}** A district court's sentencing authority is derived exclusively from statute. *Chavarria*, 2009-NMSC-020, ¶ 12. The district court has authority under Section 31-20-5.2 to impose a sentence of probation. As we explain, because the district court did not delegate its authority, the terms of Defendant's probation did not exceed the sentencing authority provided in Section 31-20-5.2, and the sentence was not illegal.

**{8}** Defendant does not explain the basis for his claim that the district court improperly delegated its sentencing authority, other than by reference to one page of the judgment and sentence imposed after he was found to have violated his probation, before going on to argue that under the law a delegation of authority is improper. In the cited page, Defendant is sentenced to a term of one year supervised probation that is "to be monitored by the sex offender unit and [he is to] abide by all their conditions."

**{9}** Defendant fails to acknowledge the remaining portion of the order, where the district court explicitly laid out his probation conditions. The order noted that in addition to standard conditions of probation, Defendant shall enter, attend, and successfully complete a counseling/treatment program; he shall not have or use any illegal drugs; he is subject to random urinalysis; he shall register as a sex offender; and he shall not possess weapons. These written conditions are consistent with the conditions discussed by the district court at Defendant's probation revocation hearing. At the hearing, the judge stated that Defendant should be supervised by the sex offender unit, as opposed to standard probation supervision; that he must obey all city, federal, and local laws; that he abstain from possession or use of illegal drugs; that he be subject to counseling or treatment for substance abuse issues; and that he not leave Bernalillo county.

**{10}** Under statutes regarding probation, standard provisions of probation may require defendants to comply with conditions specified by probation authorities. *See* NMSA 1978, § 31-20-5(A) (2003) (permitting the corrections department to furnish the supervision, guidance or direction of a defendant's service of probation for deferred or suspended sentences); *see also* NMSA 1978, § 31-20-6(C) (2007) (assigning to the

sentencing court the duty of attaching reasonable conditions to its order deferring or suspending a sentence and permitting the district court to place the defendant "on probation under the supervision, guidance or direction of the adult probation and parole division"). Further, a district court may enforce conditions specified by probation authorities if its order requires defendants to comply with standard conditions of probation authorities. *See State v. Leon*, 2013-NMCA-011, ¶¶ 24, 26, 292 P.3d 493 (holding that conditions imposed by the probation office but not specifically stated in the district court's judgment and sentence were enforceable under Section 31-20-6, because they were incorporated into the district court's order for the defendant to "comply with the standard conditions of probation and certain special conditions of probation . . . as specified by the [Adult] Probation and Parole Division" as "reasonable conditions as specified by the probation office"); *State v. Martinez*, 1972-NMCA-135, ¶¶ 3-7, 84 N.M. 295, 502 P.2d 320 (holding that probation conditions need not be "physically incorporated in the [district] court's judgment" and the district court's order that the "defendant is to report to that probation office as it directs and the conditions and terms of probation are made conditions and terms of the deferred sentence" properly encompassed probation's requirements such that a violation of those terms was a violation of probation (alteration and internal quotation marks omitted)).

**{11}**    Despite Defendant's contention, we see no improper delegation of the district court's authority here. The district court specified the conditions of probation with which Defendant had to comply, including that he be monitored by the sex offender unit and abide by conditions imposed by it. Both the applicable statutes and case law interpreting those statutes permit probation officials to supervise the terms of a defendant's probation, as the district court specified here. All considered, we conclude that no improper delegation occurred, and therefore Defendant's sentence was not illegal.

## II.     The District Court Did Not Delegate Its Sentencing Authority and There Was No Violation of the Separation of Powers Doctrine

**{12}**    We next address Defendant's argument that in delegating the terms of his probation to Adult Probation and Parole, his sentence violated the separation of powers provisions of the New Mexico Constitution and the United States Constitution. Defendant failed to preserve this argument in the district court but asserts it may be reviewed for fundamental error. *See* Rule 12-321(B)(2)(c) NMRA.

**{13}**    Defendant's argument is premised on his contention that the district court improperly delegated its authority to impose a sentence to the sex offender unit of Adult Probation and Parole. Because we have already concluded that no improper delegation occurred, we need not consider Defendant's assertion of a separation of powers violation further.

## III.    The District Court's Hearings Met the Statutory Requirements and No Due Process Violation Occurred

**{14}** Defendant next argues that under Section 31-20-5.2(A), a hearing is required to determine the initial terms of probation, and by not providing one, Defendant's right to procedural due process was violated. The State argues that the substance of the sentencing hearing and the hearing in which the district court revoked Defendant's conditional discharge satisfied the requirements of Section 31-20-5.2. The State further contends that if the hearing was deficient, Defendant failed to demonstrate the required prejudice for a due process violation.

**{15}** Under Section 31-20-5.2(A), "[p]rior to placing a sex offender on probation, the district court shall conduct a hearing to determine the terms and conditions of supervised probation for the sex offender." In determining these terms and conditions, the statute provides factors a district court may consider to "determine the terms and conditions of supervised probation for the sex offender." Section 31-20-5.2(A)(1)-(5). The district court must "review the terms and conditions of the sex offender's probation at two and one-half year intervals." Section 31-20-5.2(B). The statute further requires the sex offender's counsel to have notice of the hearing and, if that counsel cannot represent the party, new counsel must be provided. *See* § 31-20-5.2(D).

**{16}** Defendant was provided four separate hearings in which he was represented by counsel and the terms and conditions of his supervised probation were determined. The first was his sentencing hearing. At this hearing, Defendant and others spoke on his behalf, and the district court assessed Defendant's state of mind, which the district court took into account before reviewing the terms of probation. The district court also stated that it would review the terms of probation in a year and a half. The parties and the district court next determined the terms of probation to be included in the judgment and sentence at the judgment presentment hearing. A third hearing was held to consider Defendant's challenge to a term of probation included in the original judgment and sentence order and Defendant's concern that probation officials were adding additional terms to the district court's order. In response, the district court amended the judgment and sentence to clarify the probation terms. And finally, at Defendant's probation violation hearing, the district court, after considering the history of the case, the effect of registering as a sex offender, and Defendant's continued requests for leniency, imposed a new sentence that included new terms of probation.

**{17}** Our review of the record establishes that the district court held four hearings to determine and review the terms of Defendant's initial probation and the probation terms imposed after his conditional discharge was revoked. Per the requirements of Section 31-20-5.2, Defendant was represented by counsel at each hearing, the probation terms were explicitly discussed, the district court initially stated its intention to review the terms in a year and a half, Defendant had ample time to object, multiple opportunities to seek amendment of the terms of probation, and the district court considered several factors relevant to the sentence. *See* § 31-20-5.2(A) (requiring a hearing and the possible factors to consider); § 31-20-5.2(B) (requiring the district court review the terms of probation at two and one half year intervals); § 31-20-5.2(D) (requiring notice to counsel and representation by counsel at the hearing). Though Defendant was not given a hearing explicitly labeled a probation hearing, the multiple hearings conducted fully

satisfy the statutory requirements. Accordingly, we determine that there was no due process violation.

## IV.     Defendant's Term of Parole Was Improper

**{18}**    Once Defendant's conditional discharge was revoked, Defendant was sentenced to a period of incarceration and to an "indefinite" period of parole following his release. The State concedes that the indefinite parole term was improper. While we are not bound by the State's concession, *State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we agree with the State that the parole term imposed here was improper.

**{19}**    The State contends that the proper term of parole is the term of five to twenty years pursuant to the sex offender parole statute. *See* NMSA 1978, § 31-21-10.1(A)(1) (2007). We recently concluded in *State v. Sena*, 2021-NMCA-___, ¶ 1 (No. A-1-CA-38071, Feb. 4, 2021), that defendants convicted of child solicitation by an electronic communication device are subject to the general parole statute, not the sex offender parole statute. *See id.* ¶¶ 31, 33. Applying *Sena* here, we similarly and consistently conclude Defendant's parole sentence should be based on the general parole statute. *See id.* ¶¶ 31, 33; NMSA 1978, § 31-21-10(D) (2009). Defendant pleaded guilty to child solicitation by an electronic communication device where the victim was at least thirteen but under sixteen years of age, which is a fourth degree felony. *See* § 30-37-3.2(B)(1). Under the general parole statute, Defendant is required to undergo a one-year period of parole. *See* § 31-21-10-(D) (stating that inmates "convicted of a fourth degree felony and who [have] served the sentence of imprisonment imposed by the court in an institution designated by the corrections department shall be required to undergo a one-year period of parole").

## CONCLUSION

**{20}**    Finding no error, we affirm Defendant's probation sentence. We vacate the term of Defendant's parole and remand to the district court for resentencing consistent with this opinion.

**{21}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge (concurring in part and dissenting in part)**

**YOHALEM, Judge (concurring in part and dissenting in part).**

**{22}** For reasons expressed in my dissent in *Sena*, 2021-NMCA-____, I respectfully dissent from the majority's holding in Section IV of this opinion, addressing the period of parole.


**JANE B. YOHALEM, Judge**